IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BARRY L. MOTES, #243680,** | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 19-0037-JB-N |
| **SAM COCHRAN,** *et al.***,** | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff Barry L. Motes, Jr., a Clarke County Jail inmate proceeding *pro se* and *in forma pauperis*, filed this § 1983 action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  This action now before the undersigned for Motes's failure to prosecute and to obey the Court's order.  (*See* Doc. 32, conversion order).

Motes filed his complaint on January 30, 2019 against Mobile County Sheriff Sam Cochran, Warden Trey Oliver, III, and Correctional Officers Ferman Jackson and Lester Pittman for inadequate security when on November 28, 2018, they failed to protect him, a pretrial detainee, from a violent convicted felon whom they placed in his cell, even after both he and the felon advised the arrangement would not be safe, which resulted in him being beaten and being sent to the emergency room at USA Hospital.  (Doc. 1).  Defendants were served with the complaint and filed their answer and special report.  (Docs. 13, 14).  Then, amended answers and an amended

special report were filed by Defendants pursuant to the Court's order. (Docs. 27-30). After review of Defendants' filings, the Court converted their answer as amended and special report as amended to a motion for summary judgment and notified Motes of the conversion and that the motion for summary judgment would be taken under submission on April 13, 2021 and he should submit his evidence or information in opposition on or before April 12, 2021. (Doc. 32 at 5, 8). The Court advised Motes how to respond to the motion and informed him that granting the summary judgment motion would foreclose further litigation on this matter. (*Id.* at 6). The Court also ordered Motes by March 16, 2021 to advise the Court, in writing, if he wanted to continue the litigation of this matter. (*Id.* at 8). He was warned that his failure to respond by March 16, 2021 would result in the dismissal of his action. (*Id.*).

The Court's conversion order (Doc. 32) was sent to Motes at the Clarke County Jail, which is the last address that he provided to the Court, and which is the current address for Plaintiff on the Alabama Department of Corrections' website. (last visited April 28, 2021). (Doc. 10). Motes's copy of the Court's order has not been returned to the Court by postal officials. Nor has Motes responded to the Court's order in any manner.

An action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with a court order. Fed.R.Civ.P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack

of prosecution); *World Thrust Films, Inc. v. Int'l Family Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[ ] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'") (citation omitted); *Blunt v. U.S. Tobacco Co.*, 856 F.2d 192 (6th Cir. 1988) (unpublished) (the district court's dismissal of the *pro se* prisoner's action for failure to prosecute when he failed to respond to the summary judgment notice or to show cause why the action should not be dismissed was affirmed).

An action may be dismissed *sua sponte* by the court's inherent authority to dismiss an action for lack of prosecution through the powers vested in it "to manage its own affairs so as to achieve the orderly and expeditious disposition of cases[,]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991); *Link*, 370 U.S. at 630-31, 82 S.Ct. at 1388-89; *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005), or through Rule 41(b)'s authorization to dismiss an action for a plaintiff's failure to prosecute or to comply with a court order.  *Id.*; *Brutus v. IRS*, 393 F. App'x 682, 683 (11th Cir. 2010)[1]; *Wedgeworth v. Corizon Health, Inc.*, 2013 WL 4791619, at *1 (S.D. Ala. 2013) (unpublished).  Out of necessity, a court has this inherent power "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Prop., Inc. v. Fla. Mowing &*

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

*Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009) (citation and quotation marks omitted).

Because Motes did not respond to the conversion order to let the Court know that he wanted to continue to litigate this action and did not file a response to the summary judgment motion, he appears to have abandoned the prosecution of his action. Considering the alternatives available to the Court at this time since Motes is proceeding *in forma pauperis* and recognizing that Defendants expended their time and resources defending this action, the undersigned recommends that this action be dismissed without prejudice, for failure to prosecute and to obey the Court's order, as no lesser sanction will suffice. *Blunt,* 856 F.2d 192, *supra.* (Plaintiff is advised that the dismissal of this action without prejudice is the same as a dismissal with prejudice because the two-year statute of limitations for a § 1983 action will prevent him from re-filing a viable § 1983 action based on the assault on November 25, 2018 (Doc. 1 at 4) once this action is dismissed. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6–2–38(l). )

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under

Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time-period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this  29th  day of April, 2021.

                                              **/s/ KATHERINE P. NELSON**
                                              **UNITED STATES MAGISTRATE JUDGE**