IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARRY L. MOTES, JR., : | |
| AIS #00243680, : | |
|    Plaintiff, : | |
| vs. : | |
| : | CIVIL ACTION NO. 19-00037-JB-N |
| SAM COCHRAN, *et. al*, : | |
|    Defendants. : | |
| : | |

## ORDER

In light of the letter dated April 29, 2021, and received by the Court on May 3, 2021, from Plaintiff Barry L. Motes, Jr., an Alabama prisoner proceeding *pro se*, which indicates his desire to continue prosecuting this action, the undersigned **WITHDRAWS** the Report and Recommendation dated and entered April 29, 2021 (Doc. 33).  *See Frye v. Warden, San Quentin State Prison*, 200 F. Supp. 3d 1035, 1040-42 (E.D. Cal. 2016) (finding that "a magistrate judge cannot be said to lose jurisdiction immediately upon issuing" a recommendation and may *sua sponte* withdraw or amend that recommendation after objections are filed). Further, the deadline for Motes to respond to the pending motion for summary judgment, as discussed in the Court's order dated February 23, 2021 (Doc. 32), is hereby extended to **Friday, June 25, 2021**. The motion for summary judgment will now be taken under submission on **Saturday, June 26, 2021**, subject to the condition that any of the Defendants may file and serve a reply to any response in opposition no later than **14 days from the**

**date the Clerk of Court enters the response on the docket of this action**.[1]

Once the motion is taken under submission, no further submissions related to the issues raised may be filed unless (1) the submission is in accordance with S.D. Ala. CivLR 7(f)(3),[2] or (2) the proponent obtains leave of court for good cause shown.

The Clerk of Court is **DIRECTED** to send a copy of the Court's order dated February 23, 2021 (Doc. 32) to the Plaintiff along with this order.

**DONE** and **ORDERED** this the 5th day of May 2021.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Motion for Summary Judgment is being submitted without oral argument. Should the Court determine that oral argument would be of assistance, a hearing will be set by separate order. *See* Fed. R. Civ. P. 78(b); S.D. Ala. CivLR 7(h).

[2] "If pertinent and significant authority comes to a party's notice after the briefs have been filed, but before decision, a party may promptly advise the Court by notice setting forth the citations and stating the reason the authority was not cited in the party's brief. The notice must specifically refer either to a page of the brief(s) already filed or to a point argued orally. The notice may not exceed two (2) pages and must not present a new argument. No response may be filed unless the presiding Judge so authorizes." S.D. Ala. CivLR 7(f)(3).